# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------

SHIVA STEIN,                              :
                                          :
    Plaintiff,                         :  Civil Action No. _____
                                          :
v.                                        :  **COMPLAINT FOR VIOLATIONS OF**
                                          :  **SECTIONS 14(a) AND 20(a) OF THE**
NAVIGANT CONSULTING, INC., JULIE M.       :  **SECURITIES EXCHANGE ACT OF**
HOWARD, MICHAEL I. TIPSORD, KEVIN         :  **1934**
BLAKELY, CYNTHIA A. GLASSMAN,             :
STEPHAN A. JAMES, RUDINA SESERI,          :  **JURY TRIAL DEMANDED**
KATHLEEN WALSH, JEFFREY                   :
YINGLING, and RANDY H. ZWIRN,             :
                                          :
    Defendants.                        :

---------------------------------------------------------

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.    This is an action brought by Plaintiff against Navigant Consulting, Inc. ("Navigant or the "Company") and the members of Navigant's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed acquisition of Navigant by Guidehouse LLP and affiliates ("Guidehouse").

2.    Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on August 30, 2019 with the United States Securities and Exchange

Commission ("SEC") and disseminated to Company stockholders.   The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Isaac Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of Guidehouse, will merge with and into Navigant, with Navigant surviving the merger and becoming a wholly owned subsidiary of Guidehouse (the "Proposed Transaction").   Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Navigant common share issued and outstanding will be converted into the right to receive $28.00 in cash (the "Merger Consideration").

3.      As discussed below, Defendants have asked Navigant stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.   Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the Company's financial forecasts and financial analyses conducted by the financial advisor of the Company, Jefferies LLC ("Jefferies"), in support of its fairness opinion, and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Navigant stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this

District as to render the exercise of jurisdiction over defendant by this Court permissible under

traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

78aa, as well as under 28 U.S.C. § 1391, because Navigant in incorporated in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Navigant common stock

and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Julie M. Howard is the Company's Chief Executive Officer

and Chairman of the Board and has been since March 2012.

11.     Individual Defendant Michael I. Tipsord has served as a member of the Board since

July 2009.

12.     Individual Defendant Kevin Blakely has served as a member of the Board since

May 2016.

13.     Individual Defendant Cynthia A. Glassman has served as a member of the Board

since October 2009.

14.     Individual Defendant Stephan A. James has served as a member of the Board since

January 2009.

15.     Individual Defendant Rudina Seseri has served as a member of the Board since June 2018.

16.     Individual Defendant Kathleen Walsh has served as a member of the Board since October 2017.

17.     Individual Defendant Jeffrey Yingling has served as a member of the Board since February 2018.

18.     Individual Defendant Randy H. Zwirn has served as a member of the Board since October 2014.

19.     Defendant Navigant is incorporated in Delaware and maintains its principal offices at 150 North Riverside Plaza, Suite 2100, Chicago, Illinois, 60606.  The Company's common stock trades on the New York Stock Exchange under the symbol "NCI."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     The Proposed Transaction

22.     Navigant provides professional services worldwide. It operates through three segments: Healthcare, Energy, and Financial Services Advisory and Compliance. The Healthcare segment offers consulting and business process management services to healthcare providers, payers, and life sciences companies. This segment helps clients respond to market legislative changes, such as the shift to an outcome and value-based reimbursements model, ongoing industry consolidation and reorganization, Medicaid expansion, the implementation of a electronic health records system, and product planning and commercialization expertise. The Energy segment

provides life-cycle solutions that help clients' businesses in changing energy environment, manage complexity, accelerate operational performance, and meet compliance requirements, as well as transform its organizations and systems; and various benchmarking, and data and market research services. This segment serves utility and energy companies, government and nongovernmental organizations, large corporations, product manufacturers, and investors. The Financial Services Advisory and Compliance segment provides strategic, operational, valuation, risk management, investigative, and compliance advisory services to financial services industry, including financial and insurance institutions. This segment also offers anti-corruption solutions and anti-money laundering consulting, litigation support, and tax compliance services. Navigant was founded in 1983 and is headquartered in Chicago, Illinois.

23.     On August 2, 2019, Guidehouse announced the Proposed Transaction:

> CHICAGO & WASHINGTON — Guidehouse, a portfolio company of Veritas Capital ("Veritas") and leading provider of management consulting services to government clients, today announced it entered into a definitive agreement to acquire Navigant Consulting, Inc. (NYSE: NCI) ("Navigant"), in a transaction valued at approximately $1.1 billion.
>
> Under the terms of the agreement, Navigant shareholders will receive $28 in cash per share. The per share purchase price represents a premium of 16% over the company's closing stock price on August 1, 2019, the last trading day prior to today's announcement, and 26% over the company's 90-day volume-weighted average share price. The closing of this transaction, subject to regulatory approvals and customary closing conditions, is expected to occur in the fourth quarter of this year.
>
> Upon closing, the newly combined entity will bring together each organization's strong expertise in highly regulated industries across both the commercial and government sectors, with a focus on supporting client needs in the industries of Healthcare, Financial Services, Energy, National Security, and Aerospace & Defense. Following the close of the transaction, the combined company will be led by Scott McIntyre, Chief Executive Officer of Guidehouse, and practice team leaders from both companies.

"The acquisition of Navigant is the next step in our journey to create the next generation global consultancy," said Scott McIntyre, Chief Executive Officer of Guidehouse. "Navigant is an exceptionally strong management consulting and managed services firm with some of the best minds in Healthcare, Energy, and Financial Services addressing the most complex commercial challenges their clients face. With complementary strengths in our focus areas, we will be strongly positioned to continue delivering innovative solutions to tackle some of the toughest challenges facing government and commercial clients, while building resilience into important missions and services. Bringing together best-in-class portfolios, highly talented teams, and digital-first business models — we look forward to the merger and the journey to come."

Julie Howard, Chairman and Chief Executive Officer of Navigant said, "Following a review of strategic alternatives, including soliciting offers from a diverse group of potential strategic and financial partners, Navigant's Board unanimously agreed that a sale to Guidehouse is in the best interest of Navigant shareholders, delivering immediate and certain value at an attractive premium. The combination of Navigant and Guidehouse will create a powerful, global consulting organization characterized by deep industry expertise and leading technical know-how. Our companies are aligned with similar cultures and strong core values. Through the integration of our two firms, our employees will enjoy expanded growth opportunities, and our combined clients will access a wider array of expertise, tools, and technologies to help them achieve their goals."

"Guidehouse and Navigant are both leaders in their markets today, and this combination creates a new, highly differentiated platform with capabilities and expertise in both commercial and public sector consulting. We look forward to the next chapter of growth as the new organization goes out to market as one entity with combined expertise and scale," said Ramzi Musallam, CEO and Managing Partner of Veritas Capital.

Jefferies LLC acted as exclusive financial advisor to Navigant. Sidley Austin LLP served as legal counsel to Navigant.

Schulte Roth & Zabel LLP served as legal counsel to Guidehouse and Veritas Capital.

24.    It is imperative that Navigant's stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess

whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.**     **The Materially Incomplete and Misleading Proxy Statement**

25.     On August 30, 2019, Navigant filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Navigant Financial Projections*

26.     The Proxy Statement fails to provide material information concerning financial projections prepared by Navigant management and relied upon by Jefferies in its analyses. The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts, specifically, the February Financial Projections and the Final Financial Projections (the "Company Projections") and provided them to the Board and Jefferies with forming a view about the stand-alone valuation of the Company. Proxy at 55-56. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that Navigant management provided to the Board and Jefferies. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of

discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-03 (Del. Ch. 2007).

27.     For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics EBITDA, Adjusted EBITDA, and EBIT, but fails to provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a). Proxy Statement at 55-56.

28.     When a company discloses non-GAAP financial measures in a proxy statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, 'free cash flow' should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

8

non-discretionary expenditures that are not deducted from the measure.[1]

30.     Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure. At the very least, the Company must disclose the line item forecasts for the financial metrics that were used to calculate the aforementioned non-GAAP measures.  Such forecasts are necessary to make the non-GAAP forecasts included in the Proxy Statement not misleading.

31.     With respect to the *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each company selected by Jefferies. Proxy Statement at 50.

32.     With respect to the *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each transaction selected by Jefferies. Proxy Statement at 51.

33.     With respect to the *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the projected terminal values for the Company; (ii) the inputs and assumptions underlying the range of discount rates ranging from 9.2% to 11.1%, (iii) the inputs and assumptions underlying the use of the range of perpetuity growth rates of 2.0% to 3.0%; and (iv) stock-based compensation used to calculate the unlevered free cash flows. Proxy Statement at 51-52.

34.     In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

35.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

37.     Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, financial analyses that were prepared by Jefferies and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

38.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed

to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

39.     Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

40.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

41.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Navigant within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

directors of Navigant, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Navigant, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Navigant, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy Statement.

45.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

46.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

48.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 4, 2019

**RIGRODSKY & LONG, P.A.**

By: _/s/ Gina M. Serra_

**OF COUNSEL:**

Brian D. Long (#4347)
Gina M. Serra (#5387)

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801

Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

_Attorneys for Plaintiff_